PER CURIAM.
In case number 88-1495, Howard James Salmon, acting pro se, moves for an order to enforce the mandate issued pursuant to this court’s decision in that case. Salmon v. State, 548 So.2d 906 (Fla. 1st DCA 1989). In case number 89-2910, he appeals the lower court’s October 12, 1989, order denying his motion for post-conviction relief without affording him an evidentiary hearing.
In our earlier opinion, we reversed the June 10, 1988, order denying Salmon’s motion for post-conviction relief, and remanded with directions that the court reconsider the motion and either attach those portions of the record that conclusively refuted the allegations that the court erred in failing to allow Salmon to withdraw his plea of no contest, or, if the record did not conclusively contradict those allegations, conduct an evidentiary hearing on the issues raised by the motion. Upon remand, the lower court reviewed the record, concluded that it conclusively refuted the allegations contained in Salmon’s motion, and attached the same portions of the record previously provided by the state which had been reviewed by this court and found insufficient. Supplying these pages of the record does not comply with the mandate issued with our prior opinion.[1]
The critical issue raised in Salmon’s rule 3.850 motion is his allegation that, when he asked to withdraw his plea, the trial judge informed the public defender that if Salmon did withdraw the plea she would sentence him to 120 years. In support of that motion, Salmon filed the affidavit of William S. Howell, Jr., the public defender who represented Salmon during the lower court proceedings. Howell stated in that affidavit that “during off the record conversations at the Bay County Courthouse on July 15, 1987, with Judge Dedee Costello and Assistant State Attorney, James C. Husbands, he was advised to inform the Defendant that if he withdrew his plea as requested by written motions filed on June 30, 1987 and went to trial on the pending charges that he would get consecutive sentences for a total of ninety (90) years incarceration if found guilty.” The affidavit further states "That he did advise the Defendant of this conversation and Defendant did enter his plea immediately thereafter.” (R. 12 in case No. 88-1495). The transcript of the sentencing hearing shows that Salmon repeatedly stated to the court that he had no choice but to withdraw his written motions to withdraw his plea. (R. 136 in case No. 88-1495).
Nothing in the transcript attached to the trial court’s order of October 12, 1989, conclusively refutes these allegations. Salmon’s responses to the court’s questions on *357 that occasion are insufficient to do so because the court’s off-the-record discussion with attorneys Howell and Husbands was not directly addressed in the court’s questions to the defendant. It is apparent that the issues raised by these allegations can be resolved only by holding an evidentiary hearing.
Accordingly, the motion to enforce mandate filed in case number 88-1495 is granted; the October 12, 1989, order denying Salmon’s 3.850 motion is vacated; and this cause is remanded for an evidentiary hearing wherein Salmon will be afforded the opportunity to present evidence in support of the allegations contained in his motion for post-conviction relief. In view of the nature of these allegations, we believe it would be preferable for the chief judge of the circuit to appoint another trial judge to consider this motion and preside over the hearing, and do so direct.
The motion to enforce mandate having been granted, the appeal filed in case number 89-2910 is now moot, and that appeal is dismissed.
JOANOS, THOMPSON and ZEHMER, JJ., concur.

. The trial judge did not attach any portions of the record to the original order denying appellant's motion, but merely referred to certain pages of the hearing transcript in the order. The state filed an answer brief in the appeal from that order and included the full transcript of the hearing in the appendix to that brief. The trial judge may well have been unaware of all the information this court had reviewed in reaching its decision since our opinion did not describe what portions of the record were reviewed.